## Case No. 16,599.

UNITED STATES ex rel. HALL et al. v. UNION PAC. R. CO.

[2 Dill. 527.] [1]

Circuit Court, D. Iowa. 1873.

MANDAMUS—PRACTICE—EFFECT OF ACT OF JUNE 1, 1872, UPON PRACTICE IN MANDAMUS PROCEEDINGS.

1. The judiciary act confers no jurisdiction on the circuit court to issue a writ of mandamus as an original proceeding; and the 5th section of the act of congress of June 1, 1872 [17 Stat. 197], does not confer original jurisdiction in mandamus proceedings.
   [Cited in Jordan v. Cass Co., Case No. 7,517; People v. Colorado Cent. R. Co., 42 Fed. 640.]

2. The act of June 1, 1872, does not have the effect to make the provisions of the state statutes relating to pleadings and practice in actions of mandamus applicable to the ancillary jurisdiction of this court in mandamus proceedings, but the practice of the court remains substantially as at common law.

3. The act of congress of March 3. 1873 [17 Stat. 509], confers original jurisdiction on the proper circuit court of the United States of cases of mandamus to compel the Union Pacific Railroad Company to operate its road according to law.
   [Cited in Hall v. Union Pac. R. Co., Case No. 5,950; U. S. v. Union Pac. R. Co., Id. 16,-600.]

A petition, or information, under oath, is filed in this court by Samuel E. Hall and John W. Morse, who describe themselves as citizens of the United States and of the state of Iowa, making the Union Pacific Railroad Company defendant or respondent. It sets out the acts of congress relating to the Union Pacific Railroad, and alleges that the eastern terminus of the road is within the corporate limits of the city of Council Bluffs, in the state of Iowa, and on the eastern side of the Missouri river; that the said railroad company neglects and refuses to operate its road from its eastern terminus at Council Bluffs as one continuous line. but on the contrary, operates its road

---

1 [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

from Omaha, in Nebraska, although the railroad company owns a bridge across the Missouri river between these two cities; that the company runs and operates the portion of its road over the bridge as a distinct and independent line, under the name of "The Omaha Bridge Transfer," thereby "causing great expense and delay to shippers and passengers, and great damage and inconvenience to the public at large, and especially to your petitioners, who are merchants doing business at Council Bluffs, and who constantly are obliged to ship and receive goods transported over said road." It is not essential to refer to the petition more at length. Its purpose sufficiently appears by the prayer, which is as follows: "Wherefore your petitioners pray, that a writ of mandamus may issue from this honorable court directed to the said Union Pacific Railroad Company, its officers and agents, strictly enjoining and commanding them henceforth to operate the whole of their said road, from Council Bluffs westward, and including that portion of their said road between Council Bluffs and Omaha, and constructed over and across the said bridge as one continuous line for all purposes of communication, travel, and transportation; and especially commanding them to start their regular freight and passenger trains westward bound from said Council Bluffs, to run their eastward-bound trains of both descriptions through and over said bridge, to Council Bluffs, and to run and operate said trains to and from said Council Bluffs under one uniform time schedule and freight and passenger tariff with the remainder of said road, and to wholly desist and refrain from operating said road as an independent and separate line, and from causing or requiring freight or passengers bound westward or eastward to be transferred as aforesaid at said Omaha; and otherwise commanding said defendants as to the court shall seem just and agreeable to law and required by the circumstances of the case."

A notice directed to the defendant was served upon its general agent at Council Bluffs, stating that an application would be made to the court this term for a peremptory writ of mandamus, as prayed.

Putnam & Rogers, Sapp, Lyman, & Hanna, and A. V. Larimer, for petitioners.

J. M. Woolworth and A. J. Poppleton, contra.

Before DILLON, Circuit Judge, and LOVE, District Judge.

DILLON, Circuit Judge. By act of congress approved March 3, 1873 (17 Stat. 509), it is provided that the "proper circuit court of the United States shall have jurisdiction to hear and determine all cases of mandamus to compel said Union Pacific Railroad Company to operate its road as required by law." It is under this act that the present proceeding is instituted.

There has been no appearance by the defendant in the court, but on the day fixed in the notice as the one on which the petitioners would apply for a writ of mandamus, counsel in the interest of the defendant have asked leave to suggest for the consideration of the court the question whether, assuming the proceeding to be regular and one which is authorized, and the court to have jurisdiction in the matter, the court can, prior to the final determination of the controversy, award a writ of mandamus. This suggestion is based upon the statute of the state (Code 1873, p. 573) relating to "actions of mandamus," and the effect claimed for the 5th section of the act of congress of June 1, 1872 (17 Stat. 197). By the statute of the state, proceedings by mandamus are assimilated to regular actions at law, both in respect to pleadings and procedure. The alternative writ is abolished, and an order of mandamus, which is a substitute for the peremptory writ, issues only after trial, and the right to such order has been adjudged to the plaintiff. The 5th section of the act of congress of June 1, 1872, above mentioned, enacts "That the practice, pleadings, and forms and modes of proceeding in other than equity and admiralty causes in the circuit and district courts of the United States, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record in the state within which such circuit or district courts are held, any rule of court to the contrary notwithstanding."

The act of congress first above mentioned gives to the "proper circuit court * * * jurisdiction to hear and determine all cases of mandamus to compel the Union Pacific Railroad Company to operate its road as required by law." It will be assumed that this is a proper court to take cognizance of the proceeding here commenced, and the question which meets us and which must be determined before any further steps can be taken, is, whether the proceedings shall be conducted in conformity to the state statutes relating to mandamus, or according to the practice at common law. If according to the latter, then in due course an alternative writ issues, which stands in the place of a petition or declaration, to which, if served, return must be made, and the rights of the parties thereon determined in the usual manner; but if according to the state statute, then no writ can be awarded until the right to it is established by the final judgment of the court.

The question as to the effect of the act of June 1, 1872, upon the practice in mandamus proceedings in this court, is one of interest, and we proceed to consider it. Under the judiciary act, which prescribes the jurisdiction of this court, it is settled that it cannot issue the writ of mandamus at all in the exercise of original jurisdiction, that the power to

issue this writ is confined exclusively to cases where the jurisdiction already exists, and that jurisdiction cannot be acquired by means of this writ. Bath Co. v. Amey, 13 Wall. [80 U. S.] 244; Riggs v. Johnson Co., 6 Wall. [73 U. S.] 166, 197. Now the 5th section of the act of June 1, 1872, regulating pleadings and procedure cannot have the effect to confer on this court jurisdiction in mandamus cases; the jurisdiction must otherwise exist by virtue of the judiciary act or some other act of congress, and then the court may issue the writ when necessary to the exercise of such jurisdiction and agreeable to the principles and usages of law. Judiciary Act, § 14; Bath Co. v. Amey, supra.

The provisions of the state statute which contemplates that there shall be original process and regular pleadings, and a final determination or judgment before the writ or order is awarded, are in the main wholly inapplicable to the ancillary jurisdiction of this court in mandamus proceedings. So that in general, the practice in this court in mandamus proceedings is not affected by the act of June 1, 1872, but remains as before. And by its terms, that act refers to causes of a common law nature (Judiciary Act, § 11), and by the express decision of the supreme court, mandamus proceedings are not included in the section of the judiciary act which prescribes the jurisdiction of this court. Bath Co. v. Amey, supra, and cases there cited. The general practice of the court in mandamus proceedings being regulated by the principles and usages of law, and not by the state legislation, is there anything in the nature of this case which should make it an exception?

It is true that the act of 1873 gives the proper circuit court original jurisdiction of this particular case of mandamus, but as it is not one of the cases which fall within the jurisdiction of this court in common law actions as conferred by the judiciary act, and is not one of those to which the act of June 1, 1872, was intended to refer, and so does not fall within it; and as the duty sought to be enforced arises wholly under acts of congress, and can be in no way influenced by state legislation, it is our opinion that this proceeding should be made to conform to the practice at common law as liberalized and modified in more recent times by legislation and judicial decisions.

A motion for a rule upon the Union Pacific Railroad Company to appear and show cause why an alternative writ should not be granted, or for an alternative writ to be granted without the rule, is the proper step next to be taken by the relators.

The motion for the alternative writ is now under advisement by the court on the question, whether the petitioners may be relators, and as to jurisdiction of the court over the respondent. [See Cases Nos. 5,950, 16,600, 16,601; also, 91 U. S. 343.] Construction of act of July 1, 1872, see Schwabacker v. Reilly [Case No. 12,501]; Bronson v. Keokuk [Id. 1,928].